IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROGER S. SAUL,

       Plaintiff,

v.                                     No. 1:24-cv-00315-JFR[1]

BEN THOMAS,

       Defendant.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

This case arises from an alleged violation of a rental agreement between Plaintiff, who is proceeding *pro se*, and Defendant who is renting the property. *See* Petition for Restitution (Unlawful Detainer), Doc. 1, filed April 1, 2024 ("Complaint"). Plaintiff alleges Defendant has "caused intentional or reckless damage to the Property exceeding $1,000 by accumulating debris, refuse, and a semi truck-trailer" and "Defendant has refused access to worker cleanup crews." Complaint at 2-3.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See* Doc. 3, filed April 2, 2024. Plaintiff has paid the filing fee. *See* Doc. 2, filed April 1, 2024. The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 843 (10th Cir.1988).

There is no properly alleged federal-question jurisdiction because the Complaint does not allege that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

> "For a case to arise under federal law within the meaning of § 1331, the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law" . . . "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law."

Davison v. Grant Thornton LLP, 582 Fed.Appx. 773, 775 (10th Cir. 2014) (quoting Firstenberg v. City of Santa Fe, 696 F.3d 1018, 1023 (10th Cir.2012) and Martinez v. U.S. Olympic Committee, 802 F.2d 1275, 1280 (10th Cir. 1986)).

There is no properly alleged diversity jurisdiction because the Complaint states that Plaintiff and Defendant both reside in New Mexico. See Complaint at 1. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." Symes v. Harris, 472 F.3d 754, 758 (10th Cir.2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." Dutcher v. Matheson, 733 F.3d 980, 987 (10th Cir. 2013).

It appears the Court should dismiss this case because the Complaint does not show that the Court jurisdiction over this matter. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

The Court orders Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction.  If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint.

**Case Management**

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

**Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss this case for lack of jurisdiction; and (ii) file an amended complaint. Failure to timely show cause or file an amended complaint may result in dismissal of this case.

**UNITED STATES MAGISTRATE JUDGE**