## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ROGER S. SAUL,

       Plaintiff,

v.                                         No. 1:24-cv-00315-MV-JFR

BEN THOMAS,

       Defendant.

### <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

This case arises from an alleged violation of a rental agreement between Plaintiff, who is proceeding *pro se*, and Defendant, who is renting the property. *See* Doc. 1 (Petition for Restitution (Unlawful Detainer) ("Complaint")).   In the Complaint, Plaintiff alleges that Defendant has "caused intentional or reckless damage to the Property exceeding $1,000 by accumulating debris, refuse, and a semi-truck-trailer," and that "Defendant has refused access to worker cleanup crews." *Id.* at 2-3.

United States Magistrate Judge John F. Robbenhaar notified Plaintiff as follows:

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck* v. *United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988)).

There is no properly alleged federal-question jurisdiction because the Complaint does not allege that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

For a case to arise under federal law within the meaning of § 1331, the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law . . . The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law.

*Davison v. Grant Thornton LLP*, 582 F. App'x 773, 775 (10th Cir. 2014) (quoting *Firstenberg v. City of Santa Fe,* 696 F.3d 1018, 1023 (10th Cir. 2012) and *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

There is no properly alleged diversity jurisdiction because the Complaint states that Plaintiff and Defendant both reside in New Mexico. *See* Complaint at 1. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir. 2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

Doc. 4 (Order to Show Cause) at 1-2. Judge Robbenhaar ordered Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction and to file an amended complaint. *Id.*

Plaintiff did not file a response showing cause but did file an Amended Complaint. *See* Doc. 5. In the Amended Complaint, Plaintiff states, "Jurisdiction in United States District Court is proper," and cites 28 U.S.C. § 144, Bias or prejudice of judge. *Id.* at 1. Plaintiff attached an affidavit stating, "Judges Cindy M. Mercer and Geoffrey R. Nims have consistently sustained a hostile attitude toward myself, Plaintiff; yet with favor toward Ben Thomas, Defendant." *Id.* at 4 (later stating Cindy Mercer is a Valencia County Judge and Geoffrey Nims is a Valencia County Special Prosecutor).

Plaintiff has not shown that the Court has federal question jurisdiction over this case. The only federal law Plaintiff refers to is 28 U.S.C. § 144. That provision states in relevant part:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. But § 144 does not provide for a private right of action, nor does it apply to state-court judges and prosecutors.  Accordingly, this case cannot be said to "arise" from § 144 such that the Court has federal question jurisdiction. Further the Amended Complaint does not assert that the Court has jurisdiction based on diversity of citizenship.  *See* 28 U.S.C. § 1446(c).

Because the Court thus does not have either federal question or diversity jurisdiction over this case, the Court will dismiss it, without prejudice, for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

IT IS ORDERED that this case is **DISMISSED without prejudice.**

**MARTHA VÁZQUEZ**
**SENIOR UNITED STATES DISTRICT JUDGE**